## Walsh, etc., v. Kane et al.

*Joseph J. Walsh*, for plaintiff.

*Jerome E. Parker*, for defendants.

EAGEN, J., December 22, 1950.—Plaintiff, Henry C. Walsh, has been doing business in Scranton for several years under the trade name of the "Ace Storm Window Sales Company". He complied with the "Fictitious Names Act" of May 24, 1945, P. L. 967, by registering the business name in the prothonotary's office of Lackawanna County on October 9, 1946, and in the office of the Secretary of the Commonwealth on October 10, 1946. At that time, and until recently, he was the local distributor for products known as Ace storm windows and doors manufactured outside of the city. Defendant is now the local distributor of these products by virtue of a contract with the manufacturer.

Defendant recently advertised his intention to file in the office of the Prothonotary of Lackawanna County and in the office of the Secretary of the Com-

monwealth an application for registration of the trade name, "Ace Storm Window Company of Scranton". This action in equity seeks to enjoin defendant's use of this trade name and his registration thereof. We are here concerned with whether or not a temporary injunction should issue until final hearing.

As a general rule, a business whose trade name is duly registered has a right to its name and another will be restrained from its use. This right to the exclusive use of its own name includes the right to prohibit another from using the same name or one so similar that it is calculated to or will deceive the public: Consolidated Home Specialties Company v. Plotkin, 358 Pa. 14. Undoubtedly, the trade name which defendant contemplates for his business is so similar to that used by plaintiff that confusion will result. There is nothing in the record before us that justifies defendant's use of the name associated with plaintiff's business since the year 1946. It may well be that the manufacturer of the Ace products has an established property right in the Ace name, which the courts will and should recognize and uphold. However, the manufacturer is not a party to this case and that question is not before us.

Now, December 22, 1950, the temporary injunction until final hearing prayed for is granted.